UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TIMOTHY J. BOND,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-369

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). Before the Court are Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 8), and the record as a whole.[2]

**I.**

**A.    Procedural History**

Plaintiff filed for DIB alleging a disability onset date of March 18, 2015. PageID 65. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, a traumatic brain injury, migraines, depression, anxiety, and cervical degenerative disc disease. PageID 68.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

After an initial denial and reconsideration of his application, Plaintiff received a hearing before ALJ Deborah F. Sanders on June 23, 2017. PageID 65. The ALJ issued a written decision on January 25, 2018 finding Plaintiff not disabled. PageID 65-87. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 68-87.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 47-54; *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.** **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 65-87), Plaintiff's Statement of Errors (PageID 1672-84), the Commissioner's memorandum in opposition (PageID 1685-94), and Plaintiff's reply (PageID 1695-97). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.** **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007).

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

3

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in determining: (1) his RFC; and (2) that he could perform other work in the national economy. PageID 1677-84. The undersigned finds error in the ALJ's RFC because the administrative record upon which the ALJ relied to base her RFC finding lacked a current medical opinion concerning Plaintiff's impairments and work-related limitations. *See Deskin v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 911 (N.D. Ohio 2008). In so finding, the undersigned does not address Plaintiff's other alleged error, and instead, directs that this issue be addressed by the ALJ on remand.

The ALJ has the responsibility to develop the administrative record, *see* 20 C.F.R. §§ 404.1512(d), (e) and 404.1545(a)(3), even though a claimant bears the ultimate burden of proof as to the existence and severity of the limitations caused by his or her impairments. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 545 (6th Cir. 2007). While the ALJ has discretion in determining whether to order a consultative examination, or call a Medical Expert at the hearing, the ALJ's RFC finding must

have the support of "substantial evidence" in the administrative record. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007).

When assessing a Plaintiff's RFC, the ALJ must consider all relevant evidence, including medical source opinions. *See* 20 C.F.R. §§ 404.1527(d), 404.1545(a). Generally:

> where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a [M]edical [E]xpert testify at the hearing. This responsibility can be satisfied without such opinion only in a limited number of cases where the medical evidence shows 'relatively little physical impairment' and an ALJ can render a commonsense judgment about functional capacity.

*Bryant v. Comm'r of Soc. Sec.*, No. 3:15-cv-354, 2017 WL 489746, at *4 (quoting *Deskin*, 605 F.Supp.2d at 912 (internal quotation omitted)). Such a general rule "applies only when an ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective medical evidence." *Id*. (quoting *Kizys v. Comm'r of Soc. Sec.*, No. 3:10-cv-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011)).

The "key inquiry" is whether the ALJ "fully and fairly developed the record through a conscientious probing of all relevant facts." *Id*. (quoting *Williams v. Astrue*, No. 1:11-cv-2569, 2012 WL 3586962, at *7 (N.D. Ohio Aug. 20, 2012)).

Here, in determining Plaintiff's RFC, the ALJ reviewed treatment notes and recommendations from treaters, Michael Pedoto, M.D. and Raymond Luna, M.D.; treatment notes and records from examiners Bruce Ladle, Ph.D., Timothy Schoonover, D.O., Ballard Wright, M.D., and Charles Demirjian, M.D; and recommendations from record reviewers Karla Voyten, Ph.D., Teresita Cruz, M.D., Paul Tangeman, Ph.D, and Leon Hughes, M.D. PageID 72-86. However, none of these medial sources provided an opinion with regard to Plaintiff's impairments and related limitations. In determining Plaintiff's RFC, the ALJ impermissibly relied on her own interpretation of Plaintiff's treatment notes and records. PageID 72-86; *see Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-cv-828, 2009

5

WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) ("In making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms") (quoting *Deskin*, 605 F.Supp.2d at 912); *see also Smith*, 482 F.3d at 877 (the ALJ's RFC finding must have the support of "substantial evidence" in the administrative record).

Further, the ALJ, in determining Plaintiff's RFC, disregarded the notes of the physicians who reviewed Plaintiff's treatment records, which consistently mention a lack and insufficiency of medical or functional evidence of record to determine the severity of Plaintiff's conditions during the relevant time period. PageID 153, 156, 162, 165. Thus, again, the ALJ's determination of Plaintiff's RFC appears to be her own interpretation of the medical data, which is prohibited. *See Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings").

In light of all the foregoing, the undersigned finds that the ALJ's non-disability finding unsupported by substantial evidence and meriting reversal.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case be **CLOSED**.

Date:  1/29/2020                                                          /s/Michael J. Newman
                                                                                         Michael J. Newman
                                                                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).